[No. 7292.   Decided September 12, 1908.]

L. M. HARTLEY, *Respondent*, v. FLOYD FURGESON *et al.*,
*Appellants*.[1]

SALES—WARRANTY—EVIDENCE—SUFFICIENCY.   There is not suffici-
ent evidence that the sale of a stallion was upon a warranty that he
would get with foal sixty-five per cent of all mares bred to him,
where it appears that notes and a mortgage were given for the price
and a written contract was made which did not contain the war-
ranty, and there is a direct contradiction of defendants' evidence
that the contract was rescinded and $100 returned and that later the
oral warranty was substituted and the $100 again paid, and where
the defendant who claimed the horse was worthless kept the horse
and used him for two seasons without complaint or offer to return
him, and then sold him to one of his attorneys for $250.

[1]Reported in 97 Pac. 234.

Appeal from a judgment of the superior court for Lincoln county, Zent, J., entered October 17, 1907, in favor of the plaintiff, after a trial on the merits, in an action to foreclose a mortgage.  Affirmed.

*Martin & Wilson*, for appellants.

*Dye & Reiter* and *McCoid & Finley*, for respondent.

MOUNT, J.—This action was brought by the respondent to foreclose a mortgage upon certain real estate.  After issues were made and a trial had thereon, a decree was entered as prayed for in the complaint.  The defendants have appealed from that decree.

At the trial it was admitted that the appellants executed and delivered the notes and mortgage, but it was claimed by the appellants that the notes were given in part payment of the purchase price of a stallion; that when the sale was made the respondent, through his agent, warranted the horse to get with foal sixty-five per cent of all mares bred to him; that the warranty failed, and that the stallion was utterly worthless, and there was a total failure of consideration for the notes.  The appellants also claim to have been damaged in the sum of $1,300 by reason of the failure of the warranty.

The main question at issue upon the trial was whether the warranty as above stated was made.  The evidence was in direct conflict upon this question.  It was admitted that, at the time the sale was made, a written contract was entered into, executed, and delivered; but the evidence of the appellants was to the effect that, after this writing was delivered, the appellant Floyd Furgeson discovered that the warranty, as stated above, was not contained in the writing; that thereupon the written contract was rescinded by mutual agreement, and $100 in cash paid at the time was returned, and thereupon an oral agreement was made to the effect that, if the horse with proper care failed to get with foal sixty-five per cent of all mares bred to him for a period of five years,

the notes and mortgage were to be returned to the appellant and satisfied; that thereupon the $100 cash was again paid by the appellant to the agent of respondent. The appellant Floyd Furgeson admitted that he kept the horse and used him from the date of the sale; namely, February 29, 1904, for two seasons and up to the time this action was begun, and made no complaint to the respondent and did not offer to return the horse, but afterwards sold him for $250 to one of his attorneys in this action. The agent of respondent testified positively that no agreement except the written one was ever made, that there was no dissatisfaction with the written agreement and no warranty other than the one contained therein. After reading the evidence and considering the circumstances surrounding the case, we are satisfied that the respondent failed to establish the warranty alleged. The appellants argue that the court erred in rejecting certain evidence offered to show damages and that the horse was of no value. As we read the evidence, however, proof was received upon this question; but in view of the fact that the appellants failed to prove the warranty alleged, for the breach of which he claims damages, and having shown affirmatively that the horse was in fact valuable, we need not further consider this question.

There is no error in the record and the judgment must be affirmed.

HADLEY, C. J., ROOT, and FULLERTON, JJ., concur.